IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN W. PEROTTI,

        Petitioner,

vs.                        Case No. 3:15-cv-01033-DRH

JAMES CROSS,

        Respondent.

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Petitioner John Perotti is currently incarcerated at the Federal Correctional Institution in Greenville, Illinois. (Doc. 1 at 1.) Proceeding *pro se*, Perotti has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his 2005 sentence under the Armed Career Criminal Act that was imposed by the United States District Court for the Northern District of Ohio. (*Id.*) Perotti claims that his sentence is improper given the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015).

This matter is now before the Court for a preliminary review of the petition. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that, upon preliminary review of the petition by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules

gives this Court the authority to apply the rules to other habeas corpus cases, such as this action.

## Background

In 2005, Perotti was tried and convicted in the United States District Court for the Northern District of Ohio for possessing ammunition as a felon. (Doc. 1 at 15.) The district court sentenced Perotti under the Armed Career Criminal Act, concluding that his conviction for aggravated robbery under Ohio statute qualified as a violent felony under the Armed Career Criminal Act. (*Id.*) Perotti appealed his conviction and his sentence, and both were affirmed in April 2007. *See United States v. Perotti*, 226 F. App'x 516 (6th Cir. 2007). His subsequent petition for a writ of certiorari was denied. (Doc. 1 at 3.)

In 2008, Perotti filed a motion to vacate, set aside, or correct his sentence in the Northern District of Ohio under 28 U.S.C. § 2255, claiming that he was denied effective assistance of counsel. The district court denied the motion on June 3, 2011, and did not issue a certificate of appealability. *Perotti v. United States*, No. 1:08-cv-2478, slip op. at 13 (N.D. Ohio June 3, 2011). On April 16, 2013, the Sixth Circuit affirmed the denial of Perotti's § 2255 petition. *Perotti v. United States*, No. 12-3414, slip op. at 3-4 (6th Cir. April 16, 2013).

Perotti currently resides at the Federal Correctional Institution in Greenville, Illinois, a federal prison located in this district. (Doc. 1 at 1.) On September 21, 2015, Perotti filed a § 2241 petition in this Court. (*Id.*)

## Discussion

Perotti raises a single basis for relief in his § 2255 petition: he claims that he was sentenced under the residual clause of the Armed Career Criminal Act, and that this sentence was improper because that clause of the Act was found to be unconstitutional in *Johnson*, 135 S. Ct. at 2563.

Perotti has chosen § 2241 as his vehicle for this challenge, and there is some question as to whether that is the correct route. Ordinarily, a prisoner must challenge his federal "conviction and sentence" via a motion under 28 U.S.C. § 2255; he can only use a § 2241 habeas petition to seek relief "on grounds concerning the execution" of his federal sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). That said, on rare occasions, federal prisoners may utilize § 2241 to challenge the legality of a conviction or sentence pursuant to the "savings clause" of 28 U.S.C. § 2255(e). That clause allows a petitioner to attack a sentence with § 2241 if he can show that § 2255 is inadequate or ineffective to test the legality of his detention. *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012). Three conditions must be satisfied for this exception to apply: first, the prisoner must show that he relies on a statutory interpretation case rather than a constitutional one; second, the prisoner must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion; and third, there must have been "a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas proceeding." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

In this case, Perotti falters at the first hurdle, as he has not demonstrated that he is relying on a statutory interpretation case. Perotti looks only to *Johnson*, and in that case the Supreme Court made clear that it was putting forth a constitutional ruling, saying that an "increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2553. The Seventh Circuit has since confirmed that *Johnson* was a constitutional ruling. *See Price v. United States*, 795 F.3d 731, 734-35 (7th Cir. 2015).

Perotti claims that § 2241 is available to him because the Sixth Circuit has not yet addressed the retroactivity or applicability of *Johnson*, meaning that he may not be able to proceed with his claim via § 2255 in that circuit. However, the fact that the Sixth Circuit has not weighed in swings against the use of § 2241 – the Sixth Circuit's silence demonstrates that, at least at this time, § 2255 relief might be available to Perotti in the sentencing court. Based on the current legal landscape, then, § 2255 does not appear unavailable to Perotti, and so a § 2241 petition is not the correct vehicle at this juncture.

If Perotti decides to pursue relief under § 2255, he is advised that because he has already filed a § 2255 motion, he must seek permission to file a second or successive § 2255 motion with the United States Court of Appeals for the Sixth Circuit before he files his § 2255 motion before the sentencing judge in the Northern District of Ohio. *See* 28 U.S.C. § 2244(b)(3). Perotti is further advised that the one-year period of limitations for filing a § 2255 motion runs from the

date of the Supreme Court's ruling initially recognizing the right asserted, and not from the date the newly recognized right is found to be retroactive. *Dodd v. United States*, 545 U.S. 353, 357 (2005).

## Disposition

**IT IS HEREBY ORDERED** that Perotti's § 2241 petition is **DISMISSED**. This dismissal is **without prejudice** to petitioner's ability to file a subsequent § 2241 petition if at a later juncture § 2255 proves ineffective. The Court expresses no opinion as to the viability of future § 2241 motions at this time.

If Perotti wishes to appeal this dismissal, he may file a notice of appeal with this court within sixty days of the entry of judgment. FED. R. CIV. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* should set forth the issues Perotti plans to present on appeal. *See* FED. R. CIV. P. 24(a)(1)(C). If Perotti does choose to appeal and is allowed to proceed *in forma pauperis*, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. CIV. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) will toll the appeal deadline. *See* FED. R. CIV. P. 4(a)(4) (listing motions that alter the time for filing an appeal). A Rule 59(e) motion must be filed no more than twenty-eight days after the entry of the judgment, and this deadline cannot be extended.

It is not necessary for Perotti to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 7th day of October, 2015.

Digitally signed by David R. Herndon
Date: 2015.10.07 15:37:11 -05'00'

**United States District Judge**